IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MODERN HEARING SOLUTIONS OF CANTON, INC.** <br> 4763 Higbee Avenue <br> Canton, Ohio 44718, <br>     Plaintiff for itself and on behalf of <br>     all others similarly situated <br><br> v. <br><br> **RICCA GROUP, INC. dba MEDSURVEY, INC.** <br> c/o Sharon Ricca, President <br> 1111 Street Rd. #300 <br> Southampton, PA 18966-4250, <br>     Defendant | **CIVIL ACTION NO.** <br><br><br> **CLASS ACTION COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** <br><br> **Electronically filed** |

Plaintiff Modern Hearing Solutions of Canton, Inc. ("Plaintiff"), through Counsel for itself and on behalf of all others similarly situated, and for their Class Action complaint against Defendant Ricca Group, Inc. dba MedSurvey, Inc. ("Ricca" or "Defendant") states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Modern Hearing Solutions of Canton, Inc. is a corporation incorporated under the laws of the State of Ohio with its principal place of business located at 4763 Higbee Road, Canton, Ohio 44718. Plaintiff is an "individual", "consumer" and "recipient" as those terms are defined by federal law.

2. Defendant Ricca Group, Inc. is a corporation incorporated under the laws of the Commonwealth of Pennsylvania. Defendant's principal place of business is located at 1111 Street Road #300, Southampton, Bucks County, PA 18966. Upon belief and a review of their website, Defendant operates as "MedSurvey" and conducts market

research in the medical field. Defendant is a "sender" as that term is defined by federal statute.

3. MedSurvey, Inc. is a fictitious name registered by its owner, the Defendant, as of December 9th, 2016 with the Pennsylvania Secretary of State and as of February 1st, 2017 the Defendant has operated exclusively as "MedSurvey".[1]

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as this case alleges a violation of federal law, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*

5. This Court has supplemental jurisdiction to hear all state law claims pursuant to 28 U.S.C. § 1367.

6. Venue in this District pursuant to 28 U.S.C. § 1391(b), as Defendant's primary place of business is in this District.

## FACTUAL ALLEGATIONS

7. The Plaintiff reincorporates all allegations contained in Paragraphs 1 through 6 as if fully restated herein.

8. On or about October 24th, 2017 at 6:23 a.m. the Plaintiff received a facsimile to its facsimile number, 330-xxx-4546 which is attached as Exhibit A.

9. When one of the employees of the Plaintiff reviewed Exhibit A on the day the fax was received, the employee was irritated as this was an unsolicited advertisement for market research about Hearing Aid Units that the Plaintiff had no interest in participating.

---

[1] See "Ricca Group Announces Corporate Name Change to MedSurvey", PRNewsWire.com January 24th, 2017 (https://www.prnewswire.com/news-releases/ricca-group-announces-corporate-name-change-to-medsurvey-300394836.html).

2

10. Following company policy the front office manager for the Plaintiff printed off the fax – wasting the Plaintiff's business supplies – and emailed the fax to one of the principals of the Plaintiff on October 24th, 2017 at 2:47 p.m.

11. Exhibit A contains a solicitation for a Website and Password that an employee or principal of the Plaintiff can utilize to take the unsolicited survey. *Exhibit A*.

12. Exhibit A also contains a (888) number that a person such as an employee or principal of the Plaintiff can contain for further assistance. *Id*.

13. At the time the Plaintiff received Exhibit A, the Plaintiff had no prior relationship with Defendant.

## CLASS ALLEGATIONS

14. Plaintiff restates and reincorporates by reference the previous paragraphs as if fully stated herein. Plaintiff brings all claims as class claims pursuant to Federal Rule of Civil Procedure 23 ("Rule 23").

15. The class consists of all businesses which received a facsimile transmission from the Defendant containing a solicitation for an Internet Survey from January 1, 2017 to the present which had no prior business relationship with the Defendant at the time the fax was sent.

16. Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally

adjudicated and/or otherwise released; and (5) the legal representatives, successors and assigns of any such excluded person.

17. At this time the Plaintiffs do not know the size of the Rule 23(b)(3) class because that information is exclusively in the possession of the Defendant but Plaintiff believes that the potential class members are so numerous that joinder would be impracticable. The number and identities of class members can be determined through discovery.

18. All members of the Rule 23(b)(3) class have been subject to and affected by a uniform course of conduct in that all class members received an unsolicited fax from the Defendant without prior consent. These are questions of law and fact common to the proposed class that predominate over any individual questions.

19. Plaintiff's claims are typical of the class.

20. Plaintiff will adequately represent the interests of the class and does not have an adverse interest to the class. If individual class members prosecuted separate actions it may create a risk of inconsistent or varying judgments that would establish incompatible standards of conduct. A class action is the superior method for the quick and efficient adjudication of this controversy. Plaintiff's counsel has experience litigating class actions.

21. Based on the actions of the Defendant, the Plaintiff seeks recovery for the claims alleged, *infra*, summarized as follows:

| COUNT<br>STATUTE VIOLATED | SUMMARY OF CLAIM AND VIOLATIONS |
| --- | --- |

| **COUNT ONE** 47 U.S.C. § 227(b)(1)(C), *et seq.* *TCPA* | Defendant's transmission of Exhibit A to the Plaintiff and all other potential class members for an unsolicited and non-consensual purpose violates 47 U.S.C. § 227(b)(1)(C). |
|---|---|

**COUNT ONE: VIOLATION OF 47 U.S.C. § 227, *et seq*.**

22. Plaintiff restates all allegations contained in the foregoing paragraphs in their entirety, as if fully rewritten herein.

23. 47 U.S.C. § 227(b)(1)(C) states "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States...to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement."

24. At the time Exhibit A was sent to Plaintiff, Plaintiff was a "recipient".

25. Exhibit A was sent to Plaintiff's telephone facsimile machine as the number (330) -xxx-4546 was the facsimile number of the Plaintiff when Exhibit A was sent and still is the facsimile number of the Plaintiff.

26. Exhibit A was an unsolicited advertisement as none of the principals or employees of the Plaintiff contacted the Defendant at any time prior to the transmission of this fax for any reason, including any solicitation for a business relationship.

27. At the time Exhibit A was sent the Defendant did not have Plaintiff's facsimile number by voluntary permission of Plaintiff.

28. At the time Exhibit A was sent by the Defendant, the Defendant did not obtain Plaintiff's facsimile number from a directory, advertisement, or site on the internet that the Plaintiff, its principals or agents voluntarily agreed to have Plaintiff's number listed.

5

29. Exhibit A was sent by the Defendant after July 9, 2005 at a time when the Defendant had no existing or prior established business relationship with Plaintiff and could not have obtained the facsimile number from Plaintiff.

30. As a result of the Defendant's violations of the TCPA, the Defendant is liable to the Plaintiff and the Class members for actual damages or statutory damages of $500.00 per violation pursuant to 47 U.S.C. § 227(b)(3)(B). The Plaintiff and the Class Members also request a permanent injunction for the Defendant to cease this activity pursuant to 47 U.S.C. § 227(b)(3)(A).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Modern Hearing Solutions of Canton, Inc. and all class members respectfully requests the following relief against Defendant RICCA GROUP:

A) For an award of actual damages against Defendant or $500.00 in statutory damages, whichever is greater, pursuant to 47 U.S.C. § 227(b)(3)(B);

B) For an Order enjoining the Defendant from engaging in this activity pursuant to 47 U.S.C. § 227(b)(3)(A);

C) For all other relief this Court may deem just and proper.

    Respectfully Submitted,

    s/ John K. Weston_____

    John K. Weston
    PA Attorney No. 26314
    *jweston@sackslaw.com*
    Jeremy E. Abay
    PA Attorney No. 316730
    *jabay@sackslaw.com*
    SACKS WESTON DIAMOND LLC
    Suite 1600
    1845 Walnut Street
    Philadelphia, PA 19103
    (215) 925-8200

                    Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 W. Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020 telephone
(312) 440-4180 facsimile
www.attorneyzim.com
*Pro Hac Vice Applications to Be Submitted*

_____

Marc E. Dann (0039425)
Brian D Flick (0081605)
DANNLAW
P.O. Box 6031040
Cleveland, OH  44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Pro Hac Vice Applications to Be Submitted*

*Attorneys for Plaintiff*

## JURY DEMAND

      Plaintiff hereby demands a trial by jury on all issues, with the maximum number of jurors permitted by law.

                    s/ John K. Weston_____

                    John K. Weston
                    *Attorney for Plaintiff*

10-24-2017 6:23     866-963-3001     Ricca Group dba MedSurvey     1/1



# Paid Survey

*Please be assured that any opinions expressed are for survey research purposes only.*

**MedSurvey, a market research data collection company,** is inviting **Hearing Care Professionals** to participate in a **20-minute** internet survey on the topic of **Hearing Aid Units**.

If you qualify and complete the survey, you will receive **$55** for your time.

**Website** = www.medsurvey.com/Audio421

**Password** = 102505

If you experience any technical difficulties or have any questions, please call us at **888.633.7878** and a MedSurvey representative will be able to assist you.

We respect your privacy. If you do not wish to receive fax invitations at this number ( **3304933403** ), please call 888.633.7878 or write the word "remove" on this page and fax it to us using the toll-free fax number below.

1111 Street Rd.  Suite 300   Southampton, PA 18966
T: 888.633.7878 | Fax: 215.422.3311
www.medsurvey.com